<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| A.D., | Civil Action No. 20-5977 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff A.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning January 1, 2009. A hearing was held before ALJ Thomas J. Sanzi (the "ALJ") on October 16, 2018, and the ALJ issued an unfavorable decision on January 3, 2019, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of January 3, 2019, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional and non-exertional limitations, including a limitation to simple, routine tasks. At step four, the ALJ also found that Plaintiff has no past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on many grounds, but the Court need only reach the two interrelated arguments which succeed. Plaintiff identifies the problem most clearly in arguing, at step five, that the ALJ presented an improper hypothetical which did not adequately reflect the findings as to concentration, persistence and pace. This is related to, and built on, the argument that, at step four, the ALJ "the ALJ failed to adequately explain how he arrived at the conclusion that [Plaintiff] could sustain simple and low-stress work notwithstanding her deficits in concentration and attention." (Pl.'s Br. 30.) Plaintiff is persuasive on both points.

Plaintiff argues that the hypothetical at step five did not adequately reflect the moderate limitations in concentration, persistence, and pace that the ALJ had found at step two. The Court agrees and finds that the problem at step five is built on problems at step four with the formulation of the residual functional capacity and the treatment of the evidence as to concentration, persistence, and pace. The Court considers the steps in order.

At step two, the ALJ considered the evidence of record, particularly consultative

psychological examiner Dr. Sabol's opinion, and concluded that Plaintiff has moderate limitations in concentration, persistence, and pace. (Tr. 15.)

At step four, the ALJ determined Plaintiff's residual functional capacity, and found both exertional as well as non-exertional limitations. As to non-exertional limitations, the ALJ concluded:

> The claimant is limited to work involving simple, routine tasks, in a low-stress job, which is defined as having only occasional decision-making required and only occasional changes in the work setting.

(Tr. 16.) As to these non-exertional limitations, the ALJ considered three opinions from experts, two from agency reviewers Drs. Cohen and Starace, and one from consultative examiner Dr. Sabol. The ALJ discussed the opinions of each one and decided to give the opinions of the agency reviewers "significant weight," and the opinion of Dr. Sabol "some weight." (Tr. 19-20.) No one of the three experts was a treating physician, but Dr. Sabol had evaluated Plaintiff in person.

Plaintiff challenges the ALJ's explanation for rejecting Dr. Sabol's assessment of Plaintiff's ability to maintain concentration, persistence, and pace. As to Dr. Sabol, the ALJ wrote:

> Dr. Sabol, the psychological consultative examiner, opined that the claimant could follow and understand simple directions and instructions and perform simple tasks independently (Ex. 7F/3). Additionally, Dr. Sabol indicated that the claimant would have difficulty maintaining attention and concentration, as well as learning new tasks and performing complex tasks (ld.). I have given Dr. Sabol's opinion some weight. Dr. Sabol examined the claimant, and her opinion is generally supportive by her clinical observations, as well as the claimant's performance on mental status examination, presentation, and subjective complaints. However, considering the claimant's limited, conservative mental health treatment, I do not find that deficits in attention and concentration would prevent her from sustaining simple, low-stress work.

3

(Tr. 20.)   Plaintiff argues that the reasoning in the concluding sentence is improper under Third Circuit law.   This Court agrees and finds several problems.

As to attention and concentration, Dr. Sabol's psychological consultation report, dated September 28, 2016, states:

> Attention and Concentration: Her attention and concentration were impaired possibly due to depression.   On the mini mental status exam, she scored 26 out of a possible 30 points, losing points for errors on serial 7's.   Considering her background in bookkeeping, serial 7's should have been fairly easy for her.   She only received 1 out of 5 items correctly on this task.

(Tr. 579.)   The report summarizes its conclusions as follows:

> With regard to the daily functioning of the claimant, she is able to follow and understand simple directions and instructions.   She is able to perform simple tasks independently.   She has difficulty maintaining attention and concentration.   She will have difficulty learning new tasks and performing complex tasks due to problems with attention and concentration.   The results of the present evaluation appeared to be consistent with psychiatric problems, which may significantly interfere with claimant's ability to function on a daily basis.

(Tr. 579.)

Plaintiff challenges the ALJ's determination that Plaintiff's deficits in attention and concentration do not prevent her from sustaining simple work on three grounds: 1) the ALJ did not adequately explain his reasoning; 2) the rejection of Dr. Sabol's opinion was improper; and 3) the ALJ's description of "limited" mental health treatment is not supported by the record.

As to the third point, Plaintiff points to the record.   The ALJ wrote: "The claimant has a long history of treatment for anxiety and depression, including hospital admissions in October 2015, September 2016, and October 2016."   (Tr. 18.)   The ALJ also referred to "psychiatric appointments during the relevant period."   (Tr. 19.)   As Plaintiff contends, given that the record shows three inpatient psychiatric hospitalizations in the twelve month period in which she filed

4

her disability application, a "long history of treatment for anxiety and depression," and "psychiatric appointments during the relevant period," the ALJ's use of the word "limited" appears unsupported by the record. This characterization is not supported by substantial evidence.

As to the second point, Dr. Sabol found that Plaintiff could perform simple tasks independently. Dr. Sabol did not state, however, that Plaintiff could perform a job consisting of a full work-week of simple tasks. Rather, Dr. Sabol found that Plaintiff "has difficulty maintaining attention and concentration" and that Plaintiff's "psychiatric problems . . . may significantly interfere with claimant's ability to function on a daily basis." (Tr. 579.) Dr. Sabol's findings are contrary to the ALJ's determination at issue.

Plaintiff further questions the logic of the ALJ's explanation, which negated Dr. Sabol's findings on the basis of an unsupported characterization of Plaintiff's treatment history, and this Court does not understand it either. Even if it the characterization of Plaintiff's treatment as "limited" was supported by the record – which it is not – what connection does limited treatment have to a conclusion that her difficulties with attention and concentration would not prevent her from sustaining simple work?

The Commissioner's brief in opposition fails to effectively rebut these points. First, the Commissioner attempts to dismiss them as asking this Court to re-weigh the evidence. (Def.'s Opp. Br. 22.) No reasonable fact-finder could read this record and conclude that the ALJ's characterization of Plaintiff's history of psychiatric treatment was supported by substantial evidence. The opposition brief also addresses Plaintiff's challenges while arguing that the "mental" RFC is supported by substantial evidence. The Court finds this unpersuasive, for the

reasons that follow.

The ALJ's reasoning at step four does not comply with the principles stated by the Third Circuit in Morales:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). The Third Circuit has not limited these principles to the opinions of treating physicians. See Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 356 (3d Cir. 2008) ("The ALJ's decision to discredit Dr. Picciotto, the consultative psychological examiner who evaluated Brownawell in December 2000, is similarly improper.")

The ALJ's RFC decision does not conform to the requirements of Morales and Brownawell. To the extent that the ALJ rejected the opinion of consultative psychological examiner Dr. Sabol, he did so for the wrong reasons – reasons which do not make sense, are unsupported by the record, and which appear to be based only on his lay opinion and speculation.

Nor is this Court persuaded by the Commissioner's implicit argument that the errors are harmless because the ALJ's determination is supported by the opinions of the agency reviewers. This does not withstand scrutiny either.

In formulating the non-exertional limitations to the RFC, the ALJ placed "significant

6

weight" on the opinions of the two agency reviewers, Drs. Cohen and Starace.  (Tr. 19.)  The ALJ's summary of Dr. Cohen's findings is correct, but omits findings that do not support his determination.  In a narrative section, Dr. Cohen offered a summary that tracks closely Dr. Sabol's conclusions, quoted above.  (Tr. 107.)  Dr. Cohen then wrote: "Opinion is considered and given significant weight since it is consistent with her history *and prior treatment records*."  (Tr. 107-108; italics added.)  Dr. Cohen ended the narrative by repeating that Plaintiff has moderate limitations to the "ability to concentrate and persist."  (Tr. 108.)

The reconsideration reviewer, Dr. Starace, also wrote a narrative that summarized Dr. Sabol's consultative findings, concluding "no significant limitations noted."  (Tr. 138.)  The ALJ correctly stated that Dr. Starace concluded that Plaintiff can sustain concentration, persistence, and pace for simple tasks.  (Tr. 138.)  The problem is that this conclusion appears to be based on the faulty assertion that Dr. Sabol found no significant limitations, which is contrary to the concluding statement of her evaluation; it stated that the evaluation results were "consistent with psychiatric problems, which may significantly interfere with claimant's ability to function on a daily basis."  (Tr. 579.)  Dr. Starace thus turned Dr. Sabol's conclusion on its head and used that as the basis for his determination that Plaintiff can sustain concentration, persistence, and pace for simple tasks.

The ALJ then relied on Dr. Starace's opinion and, moreover, discounted Dr. Sabol's conclusion for being *not* consistent with prior treatment records, even though Dr. Cohen had opined the contrary.

Having reviewed the evidence of record on which the ALJ's non-exertional RFC was based, the Court concludes that it is not supported by substantial evidence, for all the reasons

7

stated. The input to this process, the primary medical opinion evidence, is the consultative examination report of Dr. Sabol, but the result at the end is an RFC determination that is contrary to both Dr. Sabol's and Dr. Cohen's express statements.

This forms a sufficient basis to vacate the Commissioner's decision and remand this case, but Plaintiff's argument at step five raises related issues and leads to a key case, Hess. Plaintiff contends that, at step five, the ALJ presented an improper hypothetical which did not adequately reflect the findings as to concentration, persistence and pace. Plaintiff relies on Podedworny as authority; the Commissioner, in opposition, argues that the instant case passes muster under Hess. The Commissioner is correct that Hess is on point, but Hess squarely supports Plaintiff.

The Third Circuit addressed the very issue in focus here – the adequacy of a "simple tasks" limitation to encompass a finding of moderate difficulties in concentration, persistence, and pace – in the Ramirez and Hess cases:

> [T]he government is correct that, as long as the ALJ offers a "valid explanation," a "simple tasks" limitation is permitted after a finding that a claimant has "moderate" difficulties in "concentration, persistence, or pace." That conclusion flows directly from our decision in *Ramirez*.
>
> In *Ramirez*, as Hess notes, we disapproved of a "simple tasks" limitation after an ALJ had found that a claimant suffered from deficiencies in "concentration, persistence, or pace" that arose "often[.]" 372 F.3d at 554-55. We said that "a requirement that a job be limited to one to two step tasks ... does not adequately encompass a finding that [the claimant] 'often' has 'deficiencies in concentration, persistence, or pace[.]'" *Id.* at 554 (citation omitted). We were specifically concerned that such a limitation would "not take into account deficiencies in pace" because "[m]any employers require a certain output level from their employees over a given amount of time, and an individual with deficiencies in pace might be able to perform simple tasks, but not over an extended period of time." *Id.*

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 211 (3d Cir. 2019). The instant case involves the same basic facts: at step two, the ALJ concluded that Plaintiff has a moderate limitation in

abilities to maintain concentration, persistence, and pace, and, at step four, concluded that Plaintiff could perform simple jobs. As already discussed, the only explanation offered by the ALJ for this conclusion was this one: "However, considering the claimant's limited, conservative mental health treatment, I do not find that deficits in attention and concentration would prevent her from sustaining simple, low-stress work." (Tr. 20.) As explained above, this explanation is both lacking in logic and not supported by substantial evidence. This does not constitute the "valid explanation" required by Hess. This provides additional support for this Court's finding that the Commissioner's decision must be vacated.

For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence. The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                       s/ Stanley R. Chesler
                                                   STANLEY R. CHESLER, U.S.D.J.

Dated: September 28, 2021